1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

FELIX LOPEZ,

No.  1:15-cv-00940-LJO-JLT (HC)

12

Petitioner,

13

v.

**ORDER DENYING MOTION FOR RECONSIDERATION**

14

CLARK E. DUCART,

[Docket No. 33]

15

Respondent.

16
17

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of

18

habeas corpus pursuant to 28 U.S.C. § 2254.

19

On February 28, 2017, the Court adopted the Findings and Recommendation of the

20

Magistrate Judge and denied the petition on the merits.  In addition, the Court declined to issue a

21

certificate of appealability.  On March 29, 2017, Petitioner filed the instant motion for

22

reconsideration of the order declining to issue a certificate of appealability.  (Doc. No. 33.)

23

**DISCUSSION**

24

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

25

district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment

26

on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

27

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

28

been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

1

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, petitioner fails to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, petitioner has not presented any other reasons justifying relief from judgment.  Moreover, pursuant to the Court's Local Rules, petitioner has not shown "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 33) is DENIED.

IT IS SO ORDERED.

Dated:  __**April 6, 2017**__          _____**/s/ Lawrence J. O'Neill**_____
                                        UNITED STATES CHIEF DISTRICT JUDGE